UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN D. BENEDETTI, | ) | CASE NO. 5:16cv2114 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| CAROL J. DEZSO, Judge, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the motion of defendants Carol J. Dezso and Joseph Giulitto to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 4.) Plaintiff opposed the motion. (Doc. No. 5.) For the reasons that follow, the motion is granted.

**A. Background**

*Pro se* plaintiff Steven D. Benedetti brings this action under 42 U.S.C. § 1983 against Summit County Court of Common Pleas Domestic Relations Judge Carol J. Dezso and Summit County Court of Common Pleas Visiting Judge Joseph Giulitto. In the complaint, plaintiff alleges defendants have made rulings concerning custody and visitation of plaintiff's children that have placed the children at risk and deprived him of contact with them. In particular, he alleges the children's mother was given sole and exclusive temporary custody, pursuant to an October 14, 2015 judgment entry, after a meeting between Judge Dezso and counsel for the parties. A civil protection order hearing was held on October 15, 2015, after

which plaintiff was placed in jail for eight days for contempt of court. Plaintiff further alleges he has been ordered not to have contact with his children's counselors or their staff.

Plaintiff asserts the defendant judges violated his rights under the First, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments. He seeks an order from this Court setting aside the October 14, 2015 judgment entry awarding temporary custody to the children's mother, and further asks this Court to order he that be allowed parenting time immediately.

**B. Discussion**

This Court lacks jurisdiction over plaintiff's claims. Generally, federal courts have no jurisdiction over domestic relations matters, which are within the exclusive jurisdiction of state courts. *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003) (citations omitted). "The field of domestic relations involves local problems 'peculiarly suited to state regulation and control and peculiarly unsuited to control by federal courts[,]'" and state courts "have developed a proficiency and expertise in these cases[.]" *Firestone v. Cleveland Trust*, 654 F.2d 1212, 1215 (6th Cir. 1981). (internal citation omitted).

The domestic relation exception applies where a plaintiff sues in federal court for divorce, alimony, or child custody, or seeks to modify or interpret an existing divorce, alimony, or child-custody decree. *Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015), *cert. denied,* 136 S. Ct. 2392, 195 L. Ed. 2d 767 (2016) (citations omitted). This exception to federal jurisdiction does not apply to civil actions that merely have domestic relations overtones, but to cases "where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth*, 76 F. App'x at 616.

That is precisely the situation in this case. The complaint purports to raise claims pursuant to § 1983, but is grounded in plaintiff's disagreement with the domestic court's

decisions concerning contempt, child custody, and visitation rights. Plaintiff alleges that these decisions were made with "malice" and violate his constitutional rights. Plaintiff asks this Court to conduct a hearing regarding his "illegal jailing" for contempt and the judgment order of the domestic relations court regarding child custody, and to immediately restore his "civil and parental rights, and allow Plaintiff and his minor children to immediately resume parenting time." (Doc. No. 1 ["Complaint"] at 14.[1]) Plaintiff's request that this Court "modify or interpret" the decisions, orders, and judgments of the domestic relations court places his claims directly within the domestic relations exception to federal jurisdiction. *See Alexander*, 804 F.3d at 1206-06 (6th Cir. 2015). Thus, the Court lacks jurisdiction over plaintiff's claims. *Partridge v. State of Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) (district court lacks subject matter jurisdiction over case where plaintiff asserts civil rights claims that challenge child custody and divorce decisions and seeks relief in the form of shared custody) (citations omitted).

Moreover, plaintiff's recently filed motion for preliminary injunction indicates that the domestic relations case upon which plaintiff's claims are based remains pending. (*See* Doc. No. 6 at 49-50.) This case is, therefore, also subject to dismissal for the additional reason that plaintiff asks this Court to rule on the conduct of state hearings and the constitutionality of procedures used in those hearings, and to opine on the merits of the domestic relations court's

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

Case: 5:16-cv-02114-SL Doc #: 8 Filed: 12/22/16 4 of 4. PageID #: 64

determinations. Such entanglement with a pending state case justifies abstention pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). *See Alexander*, 804 F.3d at 1207 (citing *Tindall v. Wayne Cnty. Friend of Court, by: Schewe*, 269 F.3d 533, 539–40 (6th Cir. 2001)) (further citation omitted); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (domestic relations issues qualify as important state issues in a *Younger* analysis). Plaintiff can and must raise his arguments concerning these issues in the state court.

## C. Conclusion

For all of the foregoing reasons, defendants' motion to dismiss is granted. (Doc. No. 4) As a consequence, plaintiff's motion for a preliminary injunction is denied. (Doc. No. 6.) This case is dismissed, and is closed.

**IT IS SO ORDERED**.

Dated: December 22, 2016

　　　　　　　　　　　　　　　　　　　　**HONORABLE SARA LIOI**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**